UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAIN CLARKE,<br><br>             Petitioner,<br><br>      v.<br><br>B. TRATE,<br><br>             Respondent. | No. 1:22-cv-00820-BAK<br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION<br><br>(Doc. No. 8) |

Petitioner Swain Clarke, a federal prisoner initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 5, 2022 while incarcerated at U.S. P. Atwater. (Doc. No. 1). On August 17, 2022, the Petitioner moved to amend his petition.[1] (Doc. No. 8). Respondent has not filed a response to the Petition.

The Federal Rules of Civil Procedure are to be applied to habeas proceedings, to the extent that they are not inconsistent with the habeas statutory provisions and habeas rules. Rules

---

[1] The petition contains two grounds: (1) Petitioner was denied due process in connection with disciplinary infractions that occurred at U.S. P. Ellenwood (Ground One); and (2) Petitioner was denied effective assistance of appellate counsel in connection with his conviction entered by the United States District Court in the Northern District of Maryland (Ground Two). Ground One is properly pursued under 28 U.S.C. § 2241 and should be filed in the court where Petitioner is incarcerated. Ground two must be pursued under 28 U.S.C. § 2555 in the court of conviction, not the court of incarceration.

1

Governing Section 2254 Cases in the United States District Court, R.12.[2]  Consequently, pursuant to Rule 15(a), Petitioner may amend his petition "once as a matter of course" before a responsive pleading is filed.  Fed. R. Civ. P. 15(a).  The Court's acceptance of the filing of the amended petition, however, should not be implied as waiver of Fed. R. Civ. P. 15(c) or of the one-year federal statute of limitations set forth in 28 U.S.C. § 2244(d).

Should Petitioner file an amended petition, he is advised that the amended petition will supersede the original petition and become the operative pleading.  *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc).  It must be complete without reference to the prior petition or any superseded pleading, and must include all grounds for relief and supporting facts.  *See also* Local Rule 220.  The Court does not accept piecemeal pleadings.  The Court will conduct a Rule 4 preliminary review of the amended petition once filed.

Accordingly, it is ORDERED:

1. Petitioner's Motion to Amend his Petition (Doc. No. 8) is **GRANTED**.
2. Petitioner shall deliver his First Amended Petition to correctional officials for mailing no later than September 30, 2022.  Petitioner must use this case number and title the form "First Amended Petition."

Dated:   August 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 1 specifically recognizes the court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."