UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAIN CLARKE,<br><br>                    Petitioner,<br><br>          v.<br><br>B. TRATE,<br><br>                    Respondent. | Case No. 1:22-cv-00820-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AS TO PETITIONER'S ESCAPE HATCH CLAIM AND WITHOUT PREJUDICE AS TO PETITONER'S UNCONSTITUTIONAL CUSTODY CLAIM<br><br>30-day Deadline<br><br>Clerk of Court to assigned District Judge<br><br>(ECF Nos. 11-12) |

Petitioner Swain Clarke ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks review of his custody and review of the judgment and sentence imposed on him by the United States District Court for the District of Maryland.  For the reasons that follow, the Court will recommend that the petition be dismissed with prejudice as to Petitioner's escape hatch claim and without prejudice as to Petitioner's unconstitutional custody claim

**Background**

On September 16, 2015, a federal grand jury returned an indictment charging Petitioner with 20 counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and nine

counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  *United States v. Clarke*, Case No. 1:15-cr-00503-JKB-1 (D. Md. 2015).  On September 8, 2016, Petitioner entered a plea of guilty to Count One of the indictment pursuant to a plea agreement in which the government agreed to dismiss at the time of sentencing the remaining counts.  *Id*.  As part of the parties' agreement, Petitioner waived his right to appeal his conviction and sentence.  *Id*.  On February 9, 2017, the district court sentenced Petitioner to 240 months of imprisonment and three years of supervised release.  *Id*.

On February 23, 2017, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit challenging his sentence.  *Id*.  On November 7, 2017, the Fourth Circuit dismissed Petitioner's appeal, holding that Petitioner "knowingly and voluntarily waived his right to appeal and that the issues [Petitioner] seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights."  *Id*.  On January 9, 2018, the Fourth Circuit denied Petitioner's request for rehearing and rehearing *en banc*.  *Id.*

On March 15, 2019, Petitioner filed in the district of conviction (District of Maryland) a motion to vacate pursuant to 28 U.S.C. § 2255.  *Id*.  Petitioner claimed he was denied his Sixth Amendment right to have effective assistance of counsel in preparation for trial and during the plea process, his sentencing, and the appellate process.  *Id*.  On June 10, 2019, the district court issued an order denying Petitioner's motion to vacate and declining to issue a certificate of appealability.  *Id*.  On June 21, 2019, Petitioner filed to the Fourth Circuit a notice of appeal and a motion for a certificate of appealability.  *Id*.  In June 2020, the Fourth Circuit denied Petitioner's motion for a certificate of appealability, dismissed his appeal, and declined Petitioner's request for rehearing and rehearing *en banc*.  *Id*.

At some point, Petitioner entered into the custody of the Bureau of Prisons at United States Penitentiary Atwater ("USP Atwater").  (ECF No. 1).  He filed an initial petition for writ of habeas corpus to this Court on July 5, 2022.  *Id*.  On August 17, 2022, Petitioner filed a motion to amend his petition and on August 29, 2022, the Court granted Petitioner's request.  (ECF Nos. 8, 10).  On September 7, 2022, Petitioner filed a first amended petition for writ of habeas corpus.  (ECF No. 11).

On September 14, 2022, Petitioner filed to the District Court of Maryland a motion to reopen and a second motion to vacate pursuant to 28 U.S.C. § 2255. *United States v. Clarke*, Case No. 1:15-cr-00503-JKB-1 (D. Md. 2015). Petitioner argued the Fourth Circuit's ruling in *United States v. Peterson*, 782 Fed. App'x 231 (2019), made him eligible for habeas relief as it changed the constitutionality of his underlying sentence. *Id*. On October 3, 2022, Petitioner lodged another "petition" to this Court containing information about his alleged unconstitutional custody. (ECF No. 12). On October 5, 2022, the District Court of Maryland determined Petitioner's motion constituted an unauthorized second or successive § 2255 petition and dismissed his motion without prejudice. *United States v. Clarke*, Case No. 1:15-cr-00503-JKB-1 (D. Md. 2015).

**Petitioner's Claims**

Petitioner contends the Fourth Circuit's decision in *Peterson* changed the constitutionality of his underlying sentence. (ECF No. 11). Specifically, Petitioner argues the government breached the parties' plea agreement. *Id*. Petitioner claims the government was obligated to "recommend a reasonable sentence" but failed to do so when it recommended "20 years, the statutory maximum at Petitioner's sentencing." *Id*. at 10-11. Moreover, Petitioner asserts the government's recommendation of the statutory maximum "contradicts the specific paragraph about post-plea misconduct" and this "ambiguity" should compel a court to "construe the agreement against the government as drafter." *Id*. at 11. Petitioner alleges because of this breach of the plea agreement his Fifth Amendment right to due process and Sixth Amendment rights to effective assistance of counsel were violated. *Id*. at 11-12. Petitioner notes the legal basis for his claim did not arise until after he exhausted his direct appeal and first § 2255 petition and as a result, Petitioner claims he has not had an unobstructed procedural shot at presenting this claim. *Id*. at 4.

Petitioner also challenges the manner of his sentence's execution. (ECF No. 12). Petitioner claims "Bittenbender" the warden at United States Penitentiary Allenwood ("USP Allenwood") failed to serve him a "D.H.O. Report advising me of my rights to appeal the D.H.O. findings." *Id*. at 1. Petitioner also alleges there are ten incident reports concerning him and he never received a copy of those reports to file a "prison administration appeal." *Id*. at 2.

3

**Preliminary Screening Requirement**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.[1] *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Hernandez*, 204 F.3d at 865. Section 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th*

---

[1] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

4

*Judicial Circuit Court*, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 generally must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). Jurisdiction by the custodial district "is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 889, 888 (10th Cir. 1985)).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens*, 464 F.3d at 897. An exception exists by which a federal prisoner may challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. *Id.*; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897).

A remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). Instead, the Ninth Circuit has held that § 2255 provides an "inadequate and ineffective" remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim. *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192. The petitioner bears the burden to show that remedy under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

**Discussion and Analysis**

Petitioner fails to provide an adequate petition for writ of habeas corpus and fails to establish this Court possesses jurisdiction over his "escape hatch" claim. A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (citing *Ivy*, 328 F.3d at 1060). In *Boskey v. United States*, the Supreme Court explained that "[t]o establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. 614, 623 (1998) (internal quotation marks and citation omitted). Furthermore "actual innocence means factual innocence, not mere legal insufficiency." *Id. See Stephens*, 464 F.3d at 898 (applying *Boskey* and concluding that a claim of erroneous jury instruction was not a claim of actual innocence).

Petitioner has made no claim of being factually innocent. Instead, citing *Peterson*, Petitioner only takes issue with the government's alleged breach of the parties' plea agreement in connection with its sentencing recommendation. (ECF No. 11). Such an argument fails the "actual innocence" test of demonstrating that no reasonable juror would have convicted Petitioner. *Boskey*, 523 U.S. at 623 ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.").

Separately, *Peterson* did not change the law in any way relevant to Petitioner's claim. Thus, in *Peterson*, the Fourth Circuit merely concluded that the plea agreement at issue was ambiguous as to whether the government reserved the right to argue for an above-Guidelines sentence. 782 Fed. Appx. at 237. Indeed, that the opinion is unpublished underscores the fact that it advances no new rule of law. Accordingly, Petitioner's assertion in his first amended petition that the "legal basis for Petitioner's claim did not arise" until after he exhausted his direct appeal and first § 2255 motion, and after the Fourth Circuit decided *Peterson*, is without merit. (ECF No. 11).

Moreover, Petitioner's claim he has not had an unobstructed procedural shot at presenting his claim that the government allegedly breached the plea agreement is unavailing. Petitioner could have but did not challenge the government's alleged breach in his direct appeal. Petitioner did in fact advance in his first § 2255 petition arguments based on the government's alleged breach. *United States*

6

*v. Clarke*, Case No. 1:15-cr-00503-JKB-1 (D. Md. 2015) (ECF No. 103, § 2255 Motion at p. 10). *See Ivy*, 328 F.3d at 1060 (where petitioner failed to assert an actual innocence claim either in his direct appeal or initial § 2255, "the fact that he is procedurally barred from raising it now does not mean that § 2255's remedy was 'inadequate or ineffective.'"). Therefore, Petitioner's § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court and must be dismissed for lack of jurisdiction.

The Court possesses jurisdiction to hear Petitioner's unconstitutional custody claim. While the allegations concern actions that occurred at USP Allenwood, the petition at issue was filed when Petitioner was located at USP Atwater. *Francis*, 894 F.2d at 354 (jurisdiction remains where the petition has been filed and is not destroyed by transfer of the petitioner). However, Petitioner fails to state a cognizable federal claim.

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (notice pleading is insufficient, a petitioner must state sufficient facts); *see also* Habeas Rule 2(c) ("the petition shall specify all of the grounds for relief…and shall set forth in summary form the facts supporting each of the grounds thus specified"). Petitioner has failed to provide within his filings specific facts to establish that his custody is unconstitutional and requires relief pursuant to § 2241. It appears Petitioner is contesting disciplinary procedures USP Allenwood took against him (ECF No. 12). It is not apparent from Petitioner's filings that a successful petition on this issue would require his immediate release from confinement or the shortening of its duration. *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973). Petitioner's claim may not fall within "the core of habeas corpus" and instead, should have been brought, if at all, under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 925 (9th Cir. 2016). Accordingly, Petitioner fails to state a claim for habeas relief.

**Conclusion and Recommendations**

For the reasons discussed, Petitioner's habeas corpus petition is deficient. Petitioner has failed to demonstrate this Court possesses jurisdiction over his "escape hatch" claim and that claim will be dismissed with prejudice. As to Petitioner's unconstitutional custody claim, Petitioner will be granted an opportunity to file a second amended petition curing the aforementioned deficiencies. Moreover,

pursuant to Habeas Rule 2(c).  Petitioner is encouraged to expand upon his federal and constitutional claims specifying all grounds of relief available to the Petitioner, stating all the relevant facts supporting each ground; and providing the relief requested.

Based on the foregoing, the Court DIRECTs the Clerk of Court to assign a District Judge.[2]

The Court FURTHER RECOMMENDS:

1. Petitioner's escape hatch claim be DISMISSED WITH PREJUDICE;
2. Petitioner's unconstitutional custody claim be DISMISSED WITHOUT PREJUDICE; and
3. In the event the assigned District Judge adopts these Findings and Recommendations, Petitioner be provided 30 days from the date of service of the District Judge's adoption of the Findings and Recommendations to file a second amended petition consistent with this Order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 13, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] As of the date of this Order, information available at www.bop.gov reflects that Petitioner currently is housed at USP Thomson (1100 One Mile Road, Thomson, IL, 61285).  The Court may take judicial notice of public information stored on the BOP's inmate locator website. *See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute).  Accordingly, the Clerk of Court is DIRECTED to mail a copy of these Findings & Recommendations to Petitioner at that facility.

Petitioner is reminded he is required to keep the Court and opposing parties advised as to his current address pursuant to Local Rule 183(b), and that failure to comply may result in dismissal of the action.  Petitioner's most recent notice of address change in which he reported being in-transit to USP Thomson (ECF No 9) is not sufficient for purposes of updating with the Court Petitioner's current address of record.