UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAIN CLARKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. TRATE,<br><br>　　　　Defendant. | No.  1:22-cv-00820-ADA-CDB (HC)<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE<br><br>(ECF Nos. 11, 21) |

　　　　Petitioner Swain Clarke ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On March 7, 2023, this Court dismissed Petitioner's escape hatch claim with prejudice and his unconstitutional custody claim without prejudice and granted Petitioner thirty (30) days to file a second amended petition "to the extent Petitioner in good faith can cure the deficiencies" noted in the unconstitutional custody claim. (ECF No. 17.)

　　　　On March 31, 2023, Petitioner requested, and this Court granted, a thirty (30) day extension of time to file a second amended petition.  (ECF Nos. 18, 20).   On June 14, 2023, Petitioner filed a second request for extension of time in which he explained, "[o]ne more 60 day extension will give me the time I need to successfully file the second amended" petition. (ECF No. 21 at 1.)  On June 16, 2023, the Court granted Petitioner's request for sixty (60) additional days within which to file a second amended petition.  (ECF No. 22.)

More than 60 days have passed and the time by which Petitioner was required to file a second amended petition has expired.  Petitioner has neither filed a second amended petition nor a request for further extension.  (*See* docket.)  Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  Although that rule appears to contemplate that dismissal will be precipitated by a motion from an opposing party, a court may act *sua* sponte under Rule 41(b).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order"); *see also Baymiller v. California*, No. 217CV2458MCEKJNP, 2023 WL 113751, at *5 (E.D. Cal. Jan. 5, 2023), *report and recommendation adopted*, No. 217CV2458MCEKJNP, 2023 WL 1971462 (E.D. Cal. Feb. 13, 2023).  The Court understands Petitioner's lack of action to mean that he cannot in good faith replead his unconstitutional custody claim to resolve the discrepancies noted by the Court previously.  Consequently, the Court orders that the action is dismissed with prejudice.  *See Pagtalunan*, 291 F.3d at 640-43.

Accordingly,

1. Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241, (ECF No. 11), is DISMISSED with prejudice; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    September 5, 2023

_____
UNITED STATES DISTRICT JUDGE