UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAIN CLARKE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B. TRATE,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00820-NODJ-CDB (HC)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 23, 28)<br><br><u>Clerk of the Court to File with Court of Appeals</u><br><br>(ECF No. 28) |

　　　　This action returns to the Court following the Ninth Circuit Court of Appeals' limited remand for the purpose of granting or denying a certificate of appealability. (ECF No. 28.) For the reasons set forth below, the Court DENIES the certificate of appealability.

**I. Background**

　　　　Petitioner Swain Clarke ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 11.) On March 7, 2023, the Court dismissed Petitioner's escape hatch claim with prejudice and his unconstitutional custody claim without prejudice and granted Petitioner thirty (30) days to file a second amended petition "to the extent Petitioner in good faith can cure the deficiencies" noted in the unconstitutional custody claim. (ECF No. 17 at 2.) On April 4, 2023, and June 16, 2023, the Court granted Petitioner's requests for an extension of time to file a second amended petition. (ECF Nos. 18, 20-22.)

On September 6, 2023, the Court issued an order dismissing the action with prejudice. (ECF No. 23.) The Court noted, "[m]ore than 60 days have passed and the time by which Petitioner was required to file a second amended petition has expired." *Id*. at 2. The Court understood Petitioner's lack of action meant he could not in good faith replead his unconstitutional custody claim to resolve the discrepancies noted previously by the Court. *Id*. The Court dismissed Petitioner's writ of habeas corpus with prejudice and directed the Clerk of Court to close this case. *Id*.

On October 10, 2023, Petitioner filed a notice of appeal to the Ninth Circuit. (ECF No. 25.) On December 5, 2023, the Ninth Circuit remanded this case back to this Court for the limited purpose of granting or denying a certificate of appealability. (ECF No. 28.) Specifically, the Ninth Circuit instructed: "If the district court chooses to issue a certificate of appealability, the court should specify the issues that meet the required showing; if the district court declines to issue a certificate, the court is requested to state its reasons." *Id*. (citing 28 U.S.C. § 2253(c)(3); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

## II. Legal Standard

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate of appealability is required for a successive 28 U.S.C. § 2255 motion that is disguised as a § 2241 petition. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right,…includ[ing] showing that reasonable jurists could debate whether (or, for that matters, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## III. Discussion

The Court's dismissal of the petition rested on two grounds. First, the Court found that Petitioner did not qualify for § 2241's "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when

the prisoner's remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Harrison*, 519 F.3d at 959 (internal quotation marks omitted).  The Court dismissed Petitioner's escape hatch claim with prejudice.  (ECF No. 17.)  The Court next found Petitioner failed to state a claim for unconstitutional custody and dismissed the claim with prejudice following Petitioner's failure to file a second amended petition or a request for further extension.  (ECF No. 23.)

Here, the Court finds that reasonable jurists could not debate that Petitioner does not qualify for the escape hatch.  As the Court previously held, Petitioner had not claimed actual innocence.  (ECF No. 15 at 6.)  Petitioner failed to show he did not have an unobstructed procedural shot at presenting his claim that the government allegedly breached his plea agreement.  *Id*. at 6-7.  Additionally, the Court rejected Petitioner's claim that the Fourth Circuit Court of Appeal's ruling in *United States v. Peterson*, 782 Fed. App'x 231 (2019), changed the constitutionality of his underlying sentence.  *Id*. at 6.  Accordingly, Petitioner does not qualify for relief under § 2255's escape hatch clause.

Separately, the Court finds that Petitioner has not made the required substantial showing to justify the issuance of a certificate of appealability as to his unconstitutional custody claim.  Petitioner failed to demonstrate in his filings specific facts to establish his custody is unconstitutional and requires relief pursuant to § 2241.  (ECF No. 15 at 7.)  Thereafter, Petitioner was provided an opportunity to replead his unconstitutional custody claim to resolve the discrepancies noted by the Court.  (ECF Nos. 18, 20-22.)  Petitioner failed to respond to the Court's orders.  Accordingly, reasonable jurists would not find the court's decision to dismiss Petitioner's unconstitutional custody claim debatable or conclude that the petition should proceed further.  Thus, the Court declines to issue a certificate of appealability.

*Remainder of This Page Intentionally Left Blank*

### IV. Conclusion and Order

For the foregoing reasons, the Court DENIES issuance of a certificate of appealability.

The Clerk of the Court is DIRECTED to file this Order with the Ninth Circuit Court of Appeals, Case No. Case: 23-2848.

DATED: March 14, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE